Keenan v Bloomberg L.P. (2025 NY Slip Op 07224)

Keenan v Bloomberg L.P.

2025 NY Slip Op 07224

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Mendez, Hagler, JJ. 

Index No. 155679/24|Appeal No. 5438|Case No. 2025-02079|

[*1]Susan Keenan, Plaintiff-Respondent,
vBloomberg L.P., Defendant-Appellant.

Proskauer Rose LLP, New York (Elise M. Bloom of counsel), for appellant.
Law Office of Niall MacgiollabhuÍ, New York (Niall MacgiollabhuÍ of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered March 5, 2025, which denied defendant's motion to dismiss plaintiff's complaint, unanimously affirmed, with costs.
Initially, we reject defendant's argument that the complaint should have been dismissed as untimely. It cannot be said as a matter of law that plaintiff's alleged discriminatory and retaliatory acts, if proven, were not part of a single continuing pattern of unlawful conduct extending into the three-year period immediately before the filing of the complaint (see Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-498 [1st Dept 2014]).
As to the merits, Supreme Court correctly concluded that plaintiff stated a cause of action for employment discrimination (see Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009], lv denied 19 NY3d 807 [2012]). Plaintiff alleged that she was a member of two protected classes based on her sex and age, which adversely affected her employment with defendant. She alleged that although she was qualified for her position, with 25 years' experience as a news anchor for defendant, she was treated less favorably than male and substantially younger counterparts in promotions and career progression. Plaintiff alleged, among other things, that she was forced to work past midnight while younger or male peers were assigned to earlier, higher-profile hours; denied assignments to energy and cryptocurrency stories, her specialties, which were increasingly assigned to younger, less experienced reporters; and denied critical equipment for remote work while that equipment was provided to male and younger colleagues. These allegations, if proven, may give rise to an inference of discrimination (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Harrington v City of New York, 157 AD3d 582, 584 [1st Dept 2018]). Plaintiff also alleges that after she complained to management about the perceived discriminatory conduct, defendant retaliated against her and eventually terminated her employment.
Affording plaintiff the benefit of every favorable inference on this pre-answer motion to dismiss under CPLR 3211(a)(5) and (7), the complaint states a cause of action for discrimination, hostile work environment, and retaliation in violation of the New York State and New York City Human Rights laws (see Ferraro, 115 AD3d at 497). The allegations in the complaint are sufficient to give defendant "fair notice" of the nature of plaintiff's claims and their grounds (see Petit v Department of Educ. of City of N.Y., 177 AD3d 402, 403 [1st Dept 2019]).
Moreover, given plaintiff's specific allegations as to the discrepancies in pay among similarly situated comparators engaged in equivalent or substantially similar work, plaintiff sufficiently stated a claim for violation of New York's Equal Pay Act (Labor Law § 194).
Plaintiff also sufficiently stated a cause of action for disparate impact. Plaintiff alleged that defendant's evaluation system was used by its managers as a tool to discriminate against women and older workers, which resulted in a pay disparity among similarly situated employees. Specifically, plaintiff asserts that her pay was "frozen" for over a decade because she was continuously denied full pay and bonuses. These allegations adequately assert the existence of a facially neutral performance rating system that gave unchecked discretion to supervisors and caused protected class employees to be passed over for promotions or treated worse (see Rodriguez v Town of Ramapo, 412 F Supp 3d 412, 439 [SD NY 2019]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025